RIDGEWAY v. STATE. (No. 3822.)

(Court of Criminal Appeals of Texas. Nov. 10, 1915.)

1. CRIMINAL LAW ☞1092, 1099—APPEAL—BILLS OF EXCEPTION AND STATEMENT OF FACTS—TIME FOR FILING.

A bill of exceptions and a statement of facts, filed more than 20 days after the adjournment of court, could not be considered, as they must be filed within 20 days, or some reason shown why this was not done which would relieve appellant of negligence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2866–2880, 2919; Dec. Dig. ☞1092, 1099.]

2. CRIMINAL LAW ☞1090—APPEAL—RECORD—MATTERS PRESENTED FOR REVIEW.

Where no bill of exceptions or statement of facts was filed within 20 days after the adjournment of court, an allegation in the motion for a new trial as to the insufficiency of the evidence could not be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825, 2827, 2927, 2928, 2948, 3204; Dec. Dig. ☞1090.]

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

Tom Ridgeway was convicted of unlawfully selling intoxicating liquors and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

---

DAVIDSON, J. Appellant was convicted of unlawfully selling intoxicating liquors, his punishment being assessed at a fine of $100 and two months' imprisonment in the county jail.

[1, 2] Court adjourned on September 5th. The only bill of exception in the record was filed on September 29th, as was the statement of facts. These matters cannot be considered. They must be filed within 20 days, or some reason shown why it was not done which would relieve the appellant of negligence. The allegation in the motion for new trial of the insufficiency of the evidence, therefore, cannot be considered.

The judgment will be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes